UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DANIAL CORBIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:23-CV-18-TLS-JPK |
| ) | |
| MARY ELLEN JENSEN ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on the oral motion by the pro se defendant, Mary Ellen Jensen, for an extension of time to serve her responses to Plaintiff Danial Corbin's First Set Of Requests For Admission ("RFAs") [DE 22]. Jensen asked for an extension of the response deadline during the telephonic status hearing held on October 17, 2023. The Court granted the motion from the bench. *See* [DE 31]. This opinion and order sets forth the reasons for the Court's ruling.

**BACKGROUND**

On June 30, 2023, Corbin served the RFAs on Jensen by first class mail, with a copy sent to her by email. *See* [DE 22; DE 23 ¶ 8; DE 23-1]. Because this case involves a pro se party, Corbin also filed the RFAs on the court's docket. *See* N.D. Ind. L. Rule 26-2(a)(2)(A). The deadline for Jensen to have responded to the RFAs was August 2, 2023.[1] That date passed without Jensen having served any response.

---

[1] Corbin's counsel filed a declaration in which he states that Jensen's response to the RFAs was due July 30, 2023. [DE 23 ¶¶ 9-10 (citing Fed. R. Civ. P. 36(a)(3) (deadline for responses is 30 days after being served with requests to admit))]. But, under Fed. R. Civ. P. 6(d), Jensen was entitled to three additional days, regardless of whether service was by first class mail or email (the latter requiring Jensen to have consented in writing, *see* Fed. R. Civ. P. 5(b)(2)(F)).

On August 28, 2023, Corbin's counsel filed a sworn declaration stating that, as of the date of the declaration, no response to the RFAs had been received and, "[t]hus, per Rule 36, all the facts set forth in the First RFAs will be deemed true and all the documents described in the First RFAs will be deemed genuine." [DE 23 ¶ 12]. Two days later, on August 30, 2023, the Court ordered that the parties appear at a telephonic status conference on September 28, 2023. [DE 24]. The day before the conference, on September 27, 2023, Corbin filed an "Emergency Motion For Continuance," citing a family medical emergency and requesting that the conference be continued for at least two weeks. [DE 25]. The motion stated that Corbin's counsel had communicated with Jensen about the requested continuance and that Jensen did not oppose the motion. As a result, the telephonic status conference was rescheduled for October 17, 2023. [DE 26]. Four days before the rescheduled conference, on October 13, 2023, Corbin filed a motion for summary judgment. [DE 27]. The summary judgment motion relies on Jensen's failure to respond to the RFAs as the basis for arguing that there are no material facts in dispute and that Corbin is entitled to judgment as a matter of law. *See* [DE 29].

The parties appeared for the rescheduled telephonic status conference on October 17, 2023, at which time it was acknowledged that Jensen's responses to the RFAs were still outstanding. Jensen stated that she was prepared to serve and file her responses but requested an extension until October 31, 2023 to do so due to car difficulties she was having. Jensen also provided a number of reasons why her responses had not yet been served.

First, Jensen stated that she had been in communication with Corbin's counsel about efforts she was making to find attorney representation; those efforts were ultimately unsuccessful. Second, she stated that, based on communications from Corbin's counsel, she had believed that he intended to request a settlement conference as an early strategy for possibly resolving the lawsuit;

2

Jensen seemed to be suggesting that, for this reason she was caught off guard by the filing of the summary judgment motion or at least did not expect to be held to the RFA response date. Third, Jensen stated that she had intended to ask for an extension of time to respond to the RFAs at the telephonic status conference originally scheduled for September 28, 2023, at which time Corbin had not yet filed his summary judgment motion. The additional delay in requesting an extension after September 28, 2023, she said, was the result of the continuance granted at Corbin's request. And, she pointed out, it was within that time period, before Jensen had the opportunity to orally request an extension from the Court, that Corbin filed his summary judgment motion relying on the RFAs being deemed admitted due to Jensen's failure to respond. Fourth, Jensen cited a number of personal issues, including a sick family member who needed care in July and ultimately passed away at the beginning of August, a traffic accident in September involving a truck in which she had been injured, and recent car issues that prevented her from getting to the courthouse to file documents.

Finally, Jensen also called the Court's attention to the RFAs themselves, which contain a typographical error in the all-bold **WARNING** paragraph on the first page concerning the consequences of failing to provide a response within thirty days as required by Federal Rule of Civil Procedure 36. The error involved spelling out the word "thirty" immediately followed by the numeral "300" instead of "30," such that arguably, the warning lacked clarity[2] regarding the correct deadline for Jensen to have served her responses to the RFAs.[3]

---

[2] The lack of clarity is arguable because the Court has cautioned Jensen on more than one occasion that the Federal Rules of Civil Procedure, not counsel's statements, are what control, and that, even though she is a pro se litigant, she is responsible for knowing and following the applicable rules.

[3] The paragraph in question reads as follows:

> **WARNING: If you fail to serve the response required by Rule 36 within thirty (300 days after you are served with this**

3

After Jensen gave her explanations for why the Court should grant her the requested extension, the Court asked Corbin's counsel if he had any objection to the relief sought by Jensen. Counsel replied that he did object because granting the motion would impact the summary judgment motion he had already filed. The Court then made a finding on the record of excusable neglect and good cause for extending the original thirty-day deadline for Jensen's RFA responses to October 31, 2023. *See* Fed. R. Civ. P. 6(b)(1)(B).

## **DISCUSSION**

A.  Rule 6(b)(1)(B)—Extending Time

On a motion made after the time has expired, such as the oral motion Jensen made during the October 17, 2023 hearing, the Court asks whether the failure to act within the original deadline was the result of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1). Excusable neglect, according to the Seventh Circuit, is a two-pronged inquiry. *Zingerman v. Freeman Decorating Co.*, 99 F. App'x 70, 72 (7th Cir. 2004). First, a missed deadline must be due to neglect, which means it must be the result of "a simple, faultless omission to act, or because of carelessness." *Id.* at 72. Second, the neglect must be excusable, which is a matter of equity to be determined in light of the circumstances. *Id.* The relevant circumstances to be considered include "the danger of prejudice[,] . . . the length of the delay[,] . . . the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Simstad v. Scheub*, 816 F.3d 893, 899 (7th Cir. 2016) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993) ("'[E]xcusable neglect' is a somewhat 'elastic concept' and

---

> document, all the facts set forth in the requests will be deemed true and all the documents described in the request will be deemed genuine.

[DE 22 at 1].

is not limited strictly to omissions caused by circumstances beyond the control of the movant." (footnote omitted))). The requirements for showing excusable neglect "are quite flexible, and the district judge enjoys broad discretion to grant or deny an extension." Wright & Miller, 4B FED. PRAC. & PROC. CIV. § 1165 (4th ed.).

At the hearing, the Court found that the circumstances here meet the two-pronged test for excusable neglect. That is, the Court found that there was neglect—the carelessness in not responding by the deadline, including what appears to have been a careless assumption by Jensen that Corbin's attorney would not hold her to the deadline because he was aware that she was searching for an attorney or else because he mentioned the possibility of engaging in settlement discussions. The Court also found that Jensen's neglect was excusable in light of the personal circumstances she related at the hearing, her pro se status, and the fact that the typographical error in the RFAs may have added to her confusion. Further, Jensen's delay in seeking an extension was not excessive, as she indicated that she had intended to raise the issue at the hearing that had been scheduled immediately after Corbin filed an attorney declaration regarding the missed deadline, and she was not at fault for the fact that the hearing was not actually held until a month later, in which time Corbin filed his summary judgment motion. In any event, it appears from the docket that proceedings had progressed only minimally by the time of the October 17, 2023 hearing, with the original fact discovery deadline due to expire on November 30, 2023. Although Corbin has mentioned in passing that Jensen has not yet served her initial disclosures, he has not filed any motion seeking court relief as to that failure.

B.     Rule 36(b)—Withdrawing Admissions

The Court also concludes that Rule 36(b) provides Jensen an alternative to Rule 6(b)(1)(B) to file responses to the RFAs that would otherwise be untimely. *See Ascom Hasler Mailing Sys.,*

*Inc. v. U.S. Postal Serv.*, No. CV 00-1401 (PLF/JMF), 2010 WL 11575605, at *1 (D.D.C. Apr. 21, 2010).[4] Pursuant to Rule 36(b),

> ... [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Fed. R. Civ. P. 36(b). Two requirements, therefore, must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal. *See Nelson v. Wal-Mart, Inc.*, 63 F. App'x 920, 923 (7th Cir. 2003). "Courts may consider other factors as well, such as whether the moving party can show good cause for the delay, but they are not required to do so." *Gwynn v. City of Philadelphia*, 719 F.3d 295, 298 (3d Cir. 2013) (internal citations omitted); *cf. Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1265-66 (11th Cir. 2002) (holding that a "district court abuses its discretion under Rule 36(b) in denying a motion to withdraw or amend admissions when it applies some other criterion beyond the two-part test—or grossly misapplies the two-part test—in making its ruling"; finding in that case that the district court abused its discretion because it

---

[4] Indeed, "some courts have questioned whether Rule 6(b)'s 'excusable neglect' requirement should be imported into Rule 36(b), or similarly whether Rule 6(b), and not Rule 36(b), should apply to requests to withdraw deemed admissions," with at least one case stating that the "majority position" is that "excusable neglect need not be shown," an approach deemed "more persuasive, as Rule 36(b) 'is tailored more precisely to the purposes of Rule 36 generally.'" *River Light V, L.P. v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 64 n.1 (S.D.N.Y. 2014) (quoting Wright & Miller, 8B FED. PRAC. & PROC. CIV. § 2257); *see also Mejia v. Cathedral Lane LLC,* No. 1:19-CV-2492 (EGS/GMH), 2022 WL 1211187, at *5 (D.D.C. Apr. 25, 2022) (similar); *Hertel v. Dvorak*, No. 3:10-CV-009 JD, 2014 WL 4804244, at *3 (N.D. Ind. Sept. 26, 2014) (holding that the magistrate judge correctly applied Rule 36(b) to permit withdrawal or amendment of admissions, while also finding that "Rules 6(b) and 16(b) permitted the belated discovery responses with good cause and excusable neglect shown"); *Pritchard v. Dow Agro Scis.*, 255 F.R.D. 164, 171–72 (W.D. Pa. 2009) ("[R]egardless of whether Plaintiffs have met the burden for excusable neglect under Rule 6, the Court finds that Plaintiffs' untimely response is best evaluated pursuant to the standard set forth in Rule 36(b), rather than the excusable neglect standard.").

6

"focused on the thirty-day time limit from Rule 36(a)," did not consider the defendant's argument that the plaintiff had shown no prejudice, and gave as its only other reason for denying the withdrawal "the inadequacy of the [defendant's] excuse for its belated responses"). "A district court's decision to permit the withdrawal or amendment of an admission is reviewed for abuse of discretion." *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007).

Corbin argues in his recently filed summary judgment motion that, pursuant to the terms of Rule 36, the effect of a party not responding to a request for admission within the time allotted is that the request is deemed admitted. *See* Fed. R. Civ. P. 36(a)(3); *Nelson,* 63 F. App'x at 922 (citing cases). Furthermore, any matter thus admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission, Fed. R. Civ. P. 36(b). This means that if no motion to withdraw or amend the admission is made, the admissions of the party failing to respond can form the basis for the court's granting of summary judgment. *Nelson,* 63 F. App'x at 922-23; *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) ("Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment.").[5] At the time Corbin filed his summary judgment motion, Jensen had not moved to withdraw her admissions, and so Corbin's motion does not address whether she can satisfy the requirements of Rule 36(b) for withdrawal. But the Court finds that implicit in Jensen's request at

---

[5] *See* [DE 29 at 2-8 (citing, *inter alia*, *Lawson v. Diehl Machs., Inc.*, No. 3:98-cv-194-RP, 1999 WL 325064, at *5 (N.D. Ind. Apr. 16, 1999) ("failure to respond to a request for admissions will permit a court to enter summary judgment against the offending party if the facts deemed 'admitted' are dispositive of the case"); *Coffey v. Cantigny Found.*, No. 95 C 7434, 1998 WL 157418, at *2 (N.D. Ill. Mar. 31, 1998) ("Affidavits entered in opposition to summary judgment that attempt to establish issues of fact cannot refute default admissions.")].

the October 17, 2023 hearing to extend the response deadline was a request to withdraw her deemed admissions.[6]

The first requirement under Rule 36(b) for allowing a party to withdraw her admissions "is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). There can be no dispute that this requirement is satisfied here. Corbin has filed a summary judgment motion that relies entirely on Jensen's admissions to argue that he (Corbin) is entitled to judgment in his favor as a matter of law. Thus, at least according to Corbin's motion, denying Jensen leave to withdraw the admissions would eliminate a determination of the merits. The admissions at issue involve the key facts that need to be resolved in Corbin's favor for him to prevail, as well as essential legal elements of Corbin's claims, such as whether the Investor Agreement and the Partnership Agreement are a valid and enforceable contracts [DE 22, Request Nos. 6, 12]. Therefore, the first prong of the test in Rule 36(b) is satisfied here because withdrawal of the admissions would certainly facilitate a presentation of the merits of Jensen's case against Corbin's summary judgment arguments. *See, e.g., Ascom Hasler Mailing Sys., Inc.,* 2010 WL 11575605, at *2 (finding first prong satisfied where requests for admission "demand[ed] that the defendant give its

---

[6] While courts generally recognize that procedural rules must be complied with even by pro se parties, *see supra* note 2, it remains true that pro se litigants face unique challenges. Thus, although Jensen did not expressly use the word "withdraw" in seeking relief from the Court regarding the missed deadline for serving her response to the RFAs, the Court will construe Jensen's oral request for an extension liberally to include a request to withdraw her admissions, for the relief of an extension would serve no purpose if it did also include relief from the deemed admissions. *See, e.g., Ryan v. State,* No. 91 C 3725, 1997 WL 399648, at *3 (N.D. Ill. July 11, 1997) ("[H]aving found that Plaintiffs never presented the Magistrate Judge with a Rule 36(b) motion to withdraw admissions, in the interest of efficiency the Court construes the Objections, whose argument resulted in the briefing of Rule 36(b), as a Motion to Withdraw Admissions Pursuant to Rule 36(b).").

case away by asking the defendant to admit that it took a property interest … and to admit that plaintiffs incurred money damages in the amount of $84,260,949.98").

On the second requirement for allowing withdrawal under Rule 36(b), the prejudice contemplated by the rule "is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Hadley*, 45 F.3d at 1348 (quoting *Brook Vill. N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)); *see also Le*, 2007 WL 715260, at *3 (courts have found that prejudice under Rule 36(b) does "not encompass the increased expenses caused by the need for additional discovery to replace withdrawn admissions," or "merely having to prove the matters admitted" (citations omitted)); *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987) ("The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required."). "Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." *Le*, 2007 WL 715260, at *3 (citing cases). For instance, "[c]ourts are more likely to find prejudice when the motion for withdrawal is made in the middle of trial." *Hadley,* 45 F.3d at 1348 (citing cases).

Jensen did not wait an unreasonable length of time to seek an extension of the deadline to serve her responses to the RFAs, and the fact that Corbin filed a summary judgment motion based on the deemed admissions is not the type of prejudice recognized under the rule. *See, e.g., Gwynn*, 719 F.3d at 299 (counsel having "developed a litigation strategy that placed reliance on the conclusive facts deemed from the Admissions" does not constitute prejudice); *Ryan*, 1997 WL

399648, at *3 (rejecting the defendant's opposition to allowing the plaintiff to withdraw his admissions where it "boil[ed] down to the argument that withdrawal will prejudice it in maintaining the defense on the merits because it will need to defend on the merits as a result").

Nor is the inconvenience of having to now conduct discovery the type of prejudice protected by Rule 36(b). *See Perez*, 297 F.3d at 1268 ("The only prejudice [the plaintiff] would have likely suffered would have been the inconvenience in having to gather evidence, and 'this [does] not rise to a level of prejudice that justifie[s] a denial of the withdrawal motion'" (quoting *Hadley*, 45 F.3d at 1349)). Corbin may need to take discovery if the Court allows Jensen to withdraw her admissions, but there is no barrier to his doing so because fact discovery has not yet closed. And while fact discovery currently is due to close relatively soon (November 30, 2023), no previous extensions have been sought in the case and the Court is open to extending that deadline should additional time be needed and a motion filed. *See Gwynn,* 719 F.3d at 299 (finding that the prejudice of having relied on the deemed admissions in place of taking additional discovery "was adequately addressed by the extension of the discovery deadline"); *Perez,* 297 F.3d at 1268 (finding abuse of discretion in not allowing the defendants to withdraw their admissions, noting that a trial on the merits had not yet begun and the "district court could have simply extended the discovery deadlines—as it previously had done—to enable [the plaintiff] to prove his case").[7]

---

[7] Thus, the facts here are not like in some cases in which the court denied leave to withdraw admissions, where, for example, the plaintiffs did not seek to withdraw admission until nearly five months after they had notice of their mistake in failing to respond and just two days before the close of discovery. *Le*, 2007 WL 715260, at *3; *see also Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 F. App'x 247, 248 (5th Cir. 2006) (holding that the district court did not abuse its discretion when it found that the plaintiff's delay of eleven months in moving to be relieved from deemed admissions prejudiced the defendant, and upholding the district court's additional finding that denial of plaintiff's motion was justified "[r]egardless of the two-factor test" by "the plaintiffs' lack of diligence in pursuing this suit").

Finally, the Court finds good cause for allowing Jensen to withdraw her admissions. It is true that Rule 36 contemplates the situation where a party could win his case solely because of admissions deemed true by operation of the rule. But that is not the rule's intended purpose. Rather "Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving *facts that will not be disputed at trial.*'" *Perez,* 297 F.3d at 1268 (quoting Wright & Miller, *supra,* § 2252 (emphasis added by court)). Citing this purpose, the Eleventh Circuit in *Perez* found that the district court abused its discretion in refusing to allow the defendants to withdraw their deemed admissions prior to trial, stating that, "[w]hen a party … uses the rule to harass the other side or, as in this case, with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources." *Id.*

The Court does not mean to suggest that, by seeking to hold Jensen to her deemed admissions, Corbin has engaged in conduct similar to that for which the Eleventh Circuit chastised the plaintiff in the *Perez* case. But the Court notes that from all reports given at the status conference, it appears that Jensen was in communication with Corbin's counsel during the period in which her responses were outstanding through the date of the October 17, 2023 telephonic status conference, yet there has been no mention of Corbin's counsel ever discussing the outstanding responses with Jensen during those communications. While counsel had no legal obligation to mention the outstanding responses in those communications, and there is similarly no suggestion of bad intent in remaining silent before and after the deadline had expired, it is nonetheless conceivable that a pro se party might misinterpret that silence or negligently assume that it meant something it did not. Denying Jensen relief from her deemed admissions would eliminate all merit

issues, resulting "in the sanction of an effective" ruling against her on any defenses, legal or factual, she may have to Corbin's claims, and a judgment against her in the amount of at least $79,000 (and possibly more if as Corbin requests punitive damages and/or attorney's fees were added), all "without [her] ever having had the opportunity to defend" against Corbin's claims. *Hadley*, 45 F.3d at 1350. "For discovery violations, a court should not go beyond the necessities of the situation to foreclose the merits of controversies as punishment." *Id.* (internal quotation marks and citation omitted). Accordingly, in the interests of ruling on the merits of Corbin's claims and a finding of no real prejudice to Corbin, the Court concludes that the two-part test for granting relief from deemed admissions set forth in Rule 36(b) is satisfied.

## CONCLUSION

For the foregoing reasons,

1. The Court reaffirms its **GRANT** of Defendant's October 17, 2023 oral motion for relief from her deemed admissions and for an extension of time to file and serve Plaintiff with responses to Plaintiff's First Set of Requests for Admission [DE 22]. The deadline for Defendant to file and serve her response to Plaintiff's First Set of Requests for Admission is **EXTENDED** to **October 31, 2023**.

2. Plaintiff is **DIRECTED** to file a statement as to how he wishes to proceed on his motion for summary judgment in light of the Court's ruling in this opinion and order. The statement shall be filed on or before **November 10, 2023**.

So ORDERED this 26th day of October, 2023.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT

cc:   *Pro se* Plaintiff by first class mail, **and** email (*mejensen11@gmail.com*)