UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DANIAL CORBIN,

    Plaintiff,

v.                                         CAUSE NO.: 2:23-CV-18-TLS-JPK

MARY ELLEN JENSEN,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on the pro se Defendant's Motion to Dismiss Plaintiff's Summons and Complaint [ECF No. 18], filed on June 9, 2023. The Plaintiff has not responded to the motion, and the time to do so has passed. For the reasons set forth below, the Court denies the motion to dismiss.

## BACKGROUND

The Plaintiff filed the Complaint [ECF No. 1] on January 16, 2023. In it, the Plaintiff alleges the following. On or around summer of 2017, the Defendant informed the Plaintiff that she intended to create a company and was seeking investment. Compl. ¶ 21. In response, the Plaintiff asked the Defendant to provide him with an investment proposal. *Id*. ¶ 22. The Defendant then presented the Plaintiff with a "Proposal for Investment" (Proposal) to create Rhino Reps, an intended S Corporation. *Id*. ¶ 23 (citing Pl. Ex. A, ECF No. 1-1). The Proposal requested a total loan of $60,620.00 over the course of five years. *Id*. ¶ 31 (citing Pl. Ex. A, ECF No. 1-1). The Defendant specifically asked the Plaintiff to invest in Rhino Reps, *id*. ¶ 34, and the Plaintiff decided to invest as the Defendant's silent partner, *id*. ¶ 39.

In June 2017, the Plaintiff and the Defendant signed an agreement that the Plaintiff would provide the Defendant with $60,620.00 in exchange for a role as the Defendant's silent partner

and for a 13% share in the net profits of Rhino Reps. *Id*. ¶ 40. However, in October 2018, the Defendant informed the Plaintiff that Rhino Reps had no money to pay taxes for fiscal year 2017. *Id*. ¶¶ 44–46. As a result, the Plaintiff provided the Defendant with $15,000 in additional funds for the preparation and filing of taxes. *Id*. ¶ 47. This second investment was memorialized in a "Partnership Agreement" signed between the Plaintiff and the Defendant and dated October 15, 2018. *Id*. ¶ 48. By that agreement, the Plaintiff's ownership interest in the company was increased to 16.25%, *id*. ¶ 49, and the Defendant carried the responsibility for all business activities of Rhino Reps, *id*. ¶ 51. Subsequently, the Plaintiff provided the Defendant with an additional $4,000 for the purchase of health insurance. *Id*. ¶¶ 52–53.

The Plaintiff has received no information from the Defendant about business development activities since October 2019. *Id*. ¶¶ 85–86. Plus, a Google search revealed no website or web presence for Rhino Reps in the State of Indiana. *Id*. ¶ 87. Also, the State of Indiana has no record of the registration of a S-corporation under the name Rhino Reps. *Id*. ¶ 88.

Consequently, the Plaintiff's Complaint contains four counts. In Count I, the Plaintiff alleges the Defendant has breached her fiduciary duty to the Plaintiff, resulting in damages to the Plaintiff totaling $79,000. *Id*. ¶¶ 99, 104. In Count II, the Plaintiff alleges the Defendant has committed actual fraud, resulting in damages to the Plaintiff totaling $79,000. *Id*. ¶¶ 122, 124. In Count III, the Plaintiff alleges the Defendant has committed constructive fraud, resulting in damages to the Plaintiff totaling $79,000. *Id*. ¶¶ 141, 143. In Count IV, the Plaintiff alleges the Defendant breached the June 2017 and October 2018 agreements, resulting in damages to the Plaintiff totaling $79,000. *Id*. ¶¶ 160–61. The Plaintiff requests the Court award the Plaintiff damages and attorneys' fees and costs. *Id.* at 18.

On June 9, 2023, the Defendant filed Defendant's Motion to Dismiss Plaintiff's Summons and Complaint [ECF No. 18]. The Court now takes up the merits of the motion.

## MOTION TO DISMISS STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a claim for lack of subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); Fed. R. Civ. P. 12(b)(1). In considering a motion to dismiss for lack of subject matter jurisdiction, the "district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). In addition, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Long*, 182 F.3d at 554). The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, the Court must accept all of the factual allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Also, "[i]t is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

## ANALYSIS

**A.      Standing**

The Defendant contends that the Plaintiff does not have standing for any of his claims. The Court first considers the Defendant's standing argument as "[s]tanding is a threshold question in every federal case because if the litigants do not have standing to raise their claims the court is without authority to consider the merits of the action." *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016) (quoting *Freedom From Religion Found., Inc. v. Zielke*, 845 F.2d 1463, 1467 (7th Cir. 1988)). "Standing is an essential component of Article III's case-or-controversy requirement," *Apex Digital, Inc.*, 572 F.3d at 443, and "is an essential ingredient of subject-matter jurisdiction," *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). To determine whether a party has standing under Article III, the Court "asks whether the complaint 'clearly allege[s] facts' demonstrating that [the party] has '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

Here, the Plaintiff alleges that he sustained financial injury over the course of the parties' business relationship, involving the Plaintiff's investment in the Defendant's business venture and the corresponding agreements between the two parties to the instant action. The Plaintiff also

alleges that the Defendant caused his injury, resulting in a loss of $79,000. The Court finds that a decision in the Plaintiff's favor on any of his claims would compel the Defendant to compensate the Plaintiff for his financial loss. Therefore, the Court concludes that the Plaintiff's allegations are sufficient to establish his standing under *Spokeo*. Accordingly, the Court denies the Plaintiff's motion to dismiss on the issue of standing.

**B.     Pleadings**

Although the Defendant filed her Answer on March 31, 2023, she did not file the present motion to dismiss until June 9, 2023. Accordingly, the Defendant's motion to dismiss as to the pleadings is untimely under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Specifically, the Defendant was required to file her Rule 12(b)(6) motion before or at the same time as her Answer. Nevertheless, the Court will construe the pro se Defendant's motion as a motion for judgment on the pleadings under Rule 12(c), which is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *See Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) ("A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6).").

Construing her pro se motion "liberally," *Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018), the Defendant argues that the Plaintiff's Complaint should be dismissed because he has not proven fraud with respect to Counts I-IV and that the Plaintiff is not credible. However, the Plaintiff's burden of proof and credibility are not at issue at the pleading stage. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1090 (7th Cir. 2008) (explaining that at the 12(b)(6) stage, a plaintiff is not required to prove claims); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) ("[C]redibility determinations . . . are jobs for a factfinder."). Also, the Defendant attempts to set

5

forth facts disproving the Plaintiff's allegations; but, at this stage, the Court must accept the Plaintiff's allegations as true, drawing all reasonable inferences in the Plaintiff's favor. *See Bell*, 835 F.3d at 738. Furthermore, the Court will not consider the Defendant's attempts to disprove the Plaintiff's allegations because under Rule 12(b)(6), "[d]]ismissal is proper only if it is clear that no relief could be granted under any set of facts that *could be proved* consistent with the allegations." *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 881 (7th Cir. 2022) (cleaned up) (emphasis added). Thus, the Court concludes that the Defendant's arguments concerning the proof for the Plaintiff's claims and the Plaintiff's credibility are premature at this stage of the litigation. Based on the arguments before the Court at this time, the Court denies the Defendant's motion to dismiss. *See Gunn*, 968 F.3d at 806.[1]

## CONCLUSION

For the reasons stated above, the Court hereby DENIES the Defendant's Motion to Dismiss Plaintiff's Summons and Complaint [ECF No. 18].

SO ORDERED on January 4, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

---

[1] To the extent that the Defendant argues that the Plaintiff's claims are disproven because of inappropriate service of court documents on the Defendant, the Court does not construe this as a motion to dismiss for insufficient service of process under Rule 12(b)(5). This is because the record [ECF No. 3] shows the Defendant was served within 90 days of the Plaintiff's filing of his Complaint, and the Defendant does not otherwise indicate why this service is insufficient. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").