UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DANIAL CORBIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-18-TLS-AZ |
| ) | |
| MARY ELLEN JENSEN, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Danial Corbin's Motion for Leave to File First Amended Complaint [94]. Plaintiff seeks leave to add a count for conversion to his original complaint and revise a few factual paragraphs to support this new count. Defendant Mary Ellen Jensen, who is proceeding *pro se*, opposes the requested relief on grounds of futility, bad faith, and undue delay. While the deadline to amend the pleadings has passed and discovery in this case has closed, allowing Plaintiff the opportunity to file an amended complaint is warranted in these circumstances. The Court will grant Plaintiff's motion.

**Background**

The facts of this case, as stated in Plaintiff's proposed First Amended Complaint and taken as true for present purposes, are relatively straightforward. Plaintiff alleges that he and Defendant became casual friends over the course of 2014 to 2017. In 2017, after Plaintiff had informed friends that he was looking to invest

1

some money, Defendant told him she was starting a new company and needed investors. *See* DE 94-1 (Proposed Am. Compl.) ¶¶ 17-21. Defendant provided Plaintiff with a "Proposal for Investment" related to a new company called "Rhino Reps" which was supposed to enter into the business of providing graphics and other resources relating to commercial advertising. *Id.* at ¶¶ 2-29. In June 2017, Plaintiff agreed to invest. Plaintiff alleges he gave Defendant $79,000 in total, over the course of the following year.

First, in June 2017, Plaintiff gave Defendant $60,000 in the form of "six $10,000 stacks of 100-dollar bills." DE 94-1 at ¶ 40. Later in October 2018, he gave her "stacks of one-hundred-dollar bills which totaled $15,000. *Id.* at ¶ 55. Finally, also in October he gave her $4,000 "in cash funds" of unspecified denomination. DE 94-1 at ¶ 58. Plaintiff alleges that rather than start any business with these funds, Defendant simply kept them for her own personal use and that her personal bank account records reflect that she deposited the money in them, rather then spend it on running any business. He is suing her to recover the money and for damages. Plaintiff presently seeks to file an amended complaint to reflect allegations (and add a claim) relating to Defendant's bank deposits into her personal account, which only recently came to light during discovery.

## Discussion

When a party seeks leave to amend the pleadings after the deadline set in the scheduling order has expired, the Court employs a two-step process to determine

whether the amendment should be allowed. First, the Court asks if the moving party has shown "good cause" under Federal Rule of Civil Procedure 16(b) to allow for an amendment when a motion to amend comes after the deadline set in the scheduling order. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* If good cause is shown, the Court proceeds to the second step and applies Rule 15(a)(2)'s standard for amendments. Fed. R. Civ. P. 15(a)(2). *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Rule 15 in turns directs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But "a district court may deny leave for a variety of reasons, including undue delay and futility." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "The issue of undue delay generally arises when a plaintiff seeks leave to amend deep into the litigation." *Id.* That said, alone is insufficient to deny leave, and the party opposing leave must demonstrate how the delay itself or the amended pleadings would otherwise cause it undue prejudice. *Id.*

### A. Rule 16's Good Cause Analysis

In his motion, Plaintiff fails to address the Rule 16 standard. And while Defendant notes in her opposition that the deadline to amend was September 30, 2023, she does not elaborate further. In any event, the Court will not bind itself to the parties' meager arguments on the issue, as good cause for allowing the

amendment more than a year after the original deadline is apparent based on the facts of the case. Plaintiff states that the facts underlying his conversion claim were not known to him until Defendant sat for a second deposition on November 11, 2024. DE 95 at ¶ 7. That deposition was necessitated by the disclosure of Defendant's bank account information in the weeks immediately prior. And Plaintiff's motion was filed on December 3, 2024, or less than a month later. Plaintiff has thus demonstrated the necessary diligence for the Court to find that good cause exists under the circumstances and to excuse Plaintiff's failure to seek to amend his complaint within the original timeframe set by the Court.

### B. Rule 15(a)(2)'s Leave to Amend Analysis

Now to turn to the substance of the allegations and conversion claim which Plaintiff seeks to add with his proposed First Amended Complaint. From what the Court can tell, the only new facts are spelling out that when Plaintiff allegedly gave Defendant money, he did so in the form of cash, specifically "six $10,000 stacks of 100-dollar bills" in the first instance, "stacks of one-hundred-dollar bills which totaled $15,000" on a second instance, and a final $4,000 payment "in cash funds" of unspecified denomination. DE 94-1 at ¶¶ 40, 55, 58. Presumably these allegations are intended to bolster the central component of Plaintiff's proposed conversion claim, that "Defendant intentionally exerted unauthorized control over what should have been investment capital and deposited such funds in her personal bank accounts and otherwise used the funds for her own personal benefit." *Id.* at ¶ 156.

4

In response, Defendant argues that Plaintiff's motion and proposed pleading are "severely delinquent and requested in bad faith with a dilatory motive by the Plaintiff." DE 98. She further states that the allegations "are insufficient and not plausible, lacking discovery and documentation establishing these allegations to be credible." *Id.* But beyond these conclusory statements in opposition, Defendant does not explain *why* any of these things are true or what supports her arguments.

First, as discussed above, the record demonstrates that Plaintiff acted quickly upon the information he states he learned during Defendant's November 2024 deposition. Nor does there appear to any undue prejudice to Defendant in allowing the amendment, as neither party is seeking to reopen discovery in response to adding a claim for conversion. And given that the basis for the conversion claim are the same facts which formed the basis of the previously asserted claims of breach of fiduciary duty and fraud, it is difficult to see any real prejudice to Defendant in allowing Plaintiff to file his First Amended Complaint.

As for Defendant's arguments concerning the supposed lack of documentation and credibility behind Plaintiff's allegations, that is beside the point at this stage. Those are arguments which can be made in a renewed motion for summary judgment before the presiding District Court Judge.

## Conclusion

For the foregoing reasons, Plaintiff Danial Corbin's Motion for Leave to File First Amended Complaint [94] is **GRANTED**. Plaintiff is **ORDERED** to file his

5

Amended Complaint by **February 18, 2025**. After that date, it is the Court's intention to issue an order informing the presiding District Court Judge that this case is ready for disposition, either through summary judgment or trial, and terminating the referral to the Magistrate Judge.

SO ORDERED this 11th day of February 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

cc: Defendant Mary Ellen Jensen (pro se) by US Mail