**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

DANIAL CORBIN,                          )
                                        )
    Plaintiff,                      )
                                        )
        v.                       )          Case No. 2:23-cv-18-AZ
                                        )
MARY ELLEN JENSEN,                      )
                                        )
    Defendant.                      )

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Danial Corbin's Motion to Set Aside Judgment [DE 117], and Defendant Mary Ellen Jensen's Motion to Strike or in the Alternative to Disregard Plaintiff's Newly Submitted Evidence [DE 121]. Defendant Mary Ellen Jensen, *pro se*, previously moved for summary judgment arguing that Plaintiff had failed to adduce evidence to support his claim that he had given her $79,000 as an investment in a business that never became operational. Given the record presented at the time, which lacked any admissible evidence showing Plaintiff gave Defendant any money, the Court agreed with Defendant. On October 29, 2025, the Court granted Defendant's motion for summary judgment and the Clerk of Court entered judgment in her favor. DE 113; DE 114; *Corbin v. Jensen*, No. 2:23-CV-18-AZ, 2025 WL 3033476 (N.D. Ind. Oct. 29, 2025).

Plaintiff then filed a Motion to Set Aside Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See* DE 117. Plaintiff argues that the Court

1

should excuse his failure to include sufficient admissible evidence in opposing summary judgment as excusable neglect or a misunderstanding of the Court's instructions on how it would handle summary judgment in this case. Attached to the motion is an affidavit of Danial Corbin, DE 117-1, and Plaintiff asks that the Court reconsider its order granting summary judgment in light of this new evidence. Defendant opposes the motion, and she also filed a motion to strike the affidavit as untimely. DE 121.

For the reasons discussed below, the Court finds Plaintiff's failure to properly oppose summary judgment excusable under the circumstances. The Court also finds that the newly provided evidence by Plaintiff (a sworn affidavit) creates just enough of a triable issue of fact that Defendant is not entitled to summary judgment, and this dispute will need to be resolved at trial.

## Background

The Court's summary judgment opinion fully summarized the facts of this case. *Corbin*, 2025 WL 3033476, at *1-2. But to briefly recount things, this is a dispute over money between two former friends. Plaintiff alleged he gave Defendant $79,000 in stacks of $100 bills over three separate occasions as an investment in a business that Defendant was starting. Defendant testified under oath that while she had discussions with Plaintiff about the nascent business, they agreed that Plaintiff would only invest after the business was up and running. Because that never happened, she says she never received a dime from Defendant. Both parties agree

2

that the business never materialized and was never operational.

When Defendant moved for summary judgment, she did so based on a blanket argument that Plaintiff lacked sufficient evidence to support the allegations of his complaint. In response, Plaintiff directed the Court to various pieces of evidence, including Defendant's deposition transcript, her answers to written discovery, and one of the two written agreements he says they signed. And while that evidence provided some necessary background and support for Plaintiff's claims, on the central issue in this case, Defendant consistently denied receiving any money from Plaintiff in her testimony and discovery responses. In support of the fact that he had given Defendant money, Plaintiff relied solely on inadmissible hearsay statements from affidavits from his friends and family who had no personal knowledge of the investment and the allegations of his own unverified complaint. He also indicated what he *would* testify to at trial, without providing any affidavit or sworn testimony supporting those assertions. Thus, without actual evidence to support that crucial fact, the Court granted Defendant's motion for summary judgment and entered judgment in her favor. The motions before the Court followed.

## Discussion

Federal Rule of Civil Procedure 60(b) grants district courts the authority to "relieve a party . . . from a final judgment" for six enumerated reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have

3

been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Rule 60(b) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949). The Court has broad discretion in deciding such motions and its decision can only be overturned when "no reasonable person could agree with it," *McCormick v. City of Chicago*, 230 F.3d 319, 326–27, (7th Cir. 2000), at or it is otherwise "fundamentally unjust." *Id.* at 327. In exercising its discretion to determine whether or not to vacate the judgments in this case, the Court is guided by the array of equitable factors of justice and hardship traditionally balanced by district courts in considering requests for Rule 60(b) relief and presented in this case, including the public interests in precedent, preclusion, and judicial economy and the circumstances, hardships, and interests of the private parties. *See Mayes v. City of Hammond*, 631 F. Supp. 2d 1082, 1088 (N.D. Ind. 2008).

Plaintiff relies on mistake, advertence and excusable neglect to justify his

4

requested relief from judgment under Rule 60(b)(1). DE 117 at 2. As a starting point, it is worth noting that the Court could easily deny Plaintiff's request as simply too little too late, *i.e.*, a forfeiture. Plaintiff has been represented by counsel throughout this litigation while Defendant, a non-lawyer, has been representing herself. It is fundamental to the functioning of our legal system that parties are bound by the decisions and actions of their lawyers. *See Cato v. Thompson*, 118 F. App'x 93, 95–96 (7th Cir. 2004) ("[W]e have held repeatedly that litigants are accountable for the mistakes or omissions of their attorneys; if the law were otherwise, there would be incentive for attorneys to neglect their cases.") (collecting cases). That includes an attorney's mistake or failure to file a proper summary judgment response. *Easley v. Kirmsee,* 382 F.3d 693, 697 (7th Cir. 2004); *Longs v. City of S. Bend*, 201 F. App'x 361, 364–65 (7th Cir. 2006). Defendant moved for summary judgment and the Court gave Plaintiff ample time to marshal the evidence adduced through more than two years of discovery. It was the "put up or shut up" moment in the case and Plaintiff and his lawyers failed to carry their evidentiary burden to show a disputed issue of material fact. *See Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020) ("Summary judgment is the proverbial 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events."). Plaintiff cited plenty of other evidence, just not admissible evidence which actually contradicted Defendant's sworn statements that she never gave Plaintiff any money. And the Court lacks discretion under Rule 56 to hold a

5

nonmoving party to a lesser standard of proof or burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") (emphasis added).

But the Court will not be so cursory or unforgiving in exercising its discretion. The Supreme Couret in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380 (1993), made clear that attorney negligence can serve as a basis for excusable neglect. 507 U.S. at 395 (holding that the determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission"). This is in line with the general policy underlying litigation in federal court which favors resolution on the merits rather than on technicalities. *See, e.g.*, *Staren v. Am. Nat'l Bank & Tr. Co.*, 529 F.2d 1257, 1263 (7th Cir. 1976). While the Court will not go so far as to say a failure to introduce admissible evidence is a mere technicality—quite the opposite it is the very essence of substance in litigation especially at the summary judgment stage—the Court takes Plaintiff's counsel at its word that their failure to include such evidence was based on a genuine misunderstanding of the Court's statements regarding its desire take a "more of a practical approach than a formulaic one" and preference for substance over form because Defendant has been representing herself and failed to comply with all of the

6

Local Rules when filing her motion for summary judgment. *See* DE 115 (3/20/2025 Hr'g Tr. 3:12-13; *id.* 4:6-19; *see also id.* 2:18-21 ("pro se litigants are, obviously, required to comply with the rules. But I also understand you're not a lawyer here; so I want to be, sort of, practical in this."). The Court was clear that it was not (and could not) relax the standard for summary judgment in light of Defendant's pro se status or for any other reason. *Id.* at 4:4-6 (The Court: "we're not changing the standard of review here." Defense counsel: "Right." The Court: "I'm not changing the law here.").

The case of *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 361–62 (7th Cir. 1997) guides the Court's decision. There, an attorney for a party missed the deadline to file a response to a motion for summary judgment. The court entered judgment against that party who then moved for relief pursuant to Rule 60(b)(1). In denying the requested relief, the district court felt it had no discretion to relieve the party from judgment and denied the motion. The Seventh Circuit reversed and made clear the district court had license to exercise broad discretion in resolving the motion under Rule 60(b)(1) and taking into account a wide variety of factors in determining what constituted excusable neglect, including the lawyer's demonstrable diligence up to that point. *Id.* Here, Plaintiff (and his attorneys) have demonstrated diligence throughout this litigation. They actively participated, pursued the case, developed discovery and marshaled evidence. In other words, the failure to include admissible evidence on the issue of whether Plaintiff gave Defendant money was out of the ordinary and contrary to counsel's professional track record in the case. In other

7

circumstances, such a track record of repeatedly missing deadlines, the Court may not be so inclined to give counsel the benefit of the doubt. Thus, the Court finds that Plaintiff has satisfied Rule 60(b)(1)'s excusable neglect standard and the Court will relieve Plaintiff from judgment and revisit its decision to grant Defendant summary judgment.

Having decided that Plaintiff is entitled to relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1), the Court must now reconsider and decide whether Defendant is still entitled to summary judgment and whether Plaintiff's belated affidavit (which substantively tracks the allegations of his amended complaint) should be stricken. Plaintiff's affidavit, DE 117-1, is the critical piece of evidence that was missing from Plaintiff's original summary judgment response. In the affidavit, Plaintiff provides sworn testimony of his version of events, including statements that he personally gave Defendant $79,000 on three separate occasions in the form of stacks of $100 bills. While Plaintiff cannot prevail at trial solely based on an affidavit, it is proper evidence that the Court can consider at the summary judgment stage. *See Cairel v. Alderden*, 821 F.3d 823, 830–31 (7th Cir. 2016). A rote repetition of the amended complaint's allegations may not be the strongest evidence, but it is evidence which overcomes Defendant's summary judgment argument that Plaintiff had flatly failed to identify any genuine issue of material fact. A rational factfinder could hear the story of this case from the perspective of Defendant (as supplied in her deposition transcript) and from Plaintiff (as supplied in his sworn affidavit) and find in favor of

8

either party. "[S]ummary judgment is a singularly inappropriate time to resolve a 'he said, she said' kind of dispute." *Russell v. Bd. of Trs. of Univ. of Illinois at Chicago*, 243 F.3d 336, 340 (7th Cir. 2001). That is exactly what a trial is for. And while Defendant is correct there is no real reason that this evidence could not have been provided back when Plaintiff originally opposed summary judgment, the Court excuses its tardiness for the same reasons that the Court found relief from judgment was appropriate under Rule 60(b)(1). Accordingly, the Corut will not strike the affidavit as untimely.

### Conclusion

For the reasons discussed, the Court **GRANTS** Plaintiff Danial Corbin's Motion to Set Aside Judgment [DE 117] and **DENIES** Defendant Mary Ellen Jensen's Motion to Strike or in the Alternative to Disregard Plaintiff's Newly Submitted Evidence [DE 121]. Furthermore, and in light of these rulings, the Court **RECONSIDERS** its prior decision and **DENIES** Defendant's Motion for Summary Judgment [DE 105], which was previously granted at DE 113.

The Clerk of Court is **DIRECTED** to **VACATE** the Judgment [DE 114] previously entered in this case and **REOPEN** this case for further proceedings.

Finally, given that the evidence which defeated Defendant's motion for summary judgment was not provided until after discovery (or after the original ruling on the motion for summary judgment), fairness dictates that Defendant be given the opportunity to test Plaintiff's statements with a deposition prior to trial. As such,

9

Defendant will be granted leave to depose Plaintiff Danial Corbin as to the statements made in his affidavit and on any other issues relevant to the claims and issues of this litigation. She may depose Plaintiff herself if she so wishes, or the Court will allow her time to secure counsel to represent her for purposes of taking Plaintiff's deposition and preparing this case for trial. The Court will discuss the schedule for completing this final deposition and for the setting of trial at the in-person status conference scheduled for **May 14, 2026**. If Defendant obtains counsel prior to this date, counsel should enter an appearance on Defendant's behalf and attend the status conference in person.

SO ORDERED this 27th day of April 2026.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

cc: Defendant Mary Ellen Jensen (pro se) by US Mail